The next case up this morning is 4100720, Likens v. Concept Investments of Illinois. May it please the court, my name is Rajvi Gandhi and I represent Jenny Likens, plaintiff in this case. You have to speak up just a little bit. Sorry, your honor. Okay. Here we're going to say that the defect was open and obvious, and that the exception to the defect would be applicable here, mainly the distraction exception. That in the Garcia case, the court relied on the two exceptions, the distraction of... I'm sorry, I'm very nervous today. Take your time. You're doing just fine. And that the distraction exception would apply if the landowner has reason to expect or anticipate that the invitee's attention will be distracted to the extent that the invitee will forget about the condition. Here the condition was that the step was higher than usual. It was abnormally higher. It was nine inches where the standard conventional industry standard would be seven and three quarters inches. And so when the invitee saw it from far away that there could have been a jagged edge, when she took the step, her foot was trying to reach at the seven and three quarters inch instead of the nine inches, and so she stumbled. And that's how she became distracted. And here the landowner was definitely responsible for the defect. He was put on notice of the defect by the tenant, as well as that he saw the condition, and that is what caused the distraction. The defendant would have reason to know that the plaintiff would become distracted because of the abnormally height of the step. Here, when someone is trying to step, they are only looking at seven and three quarters of an inch of a step. They're not looking at nine inches, and so therefore the defendant would have to realize that he would have been put on notice as to the fact that the condition of the step was abnormally higher and would have caused a distraction, therefore leaning towards the exception to the open and obvious rule, mainly the distraction exception. Ms. Kendall? Thank you, Your Honor. If it pleases the court and counsel, my name is Karen Kendall, and before this court is adjourned, I would like to present the defendant concept investments. Fundamentally, we dispute that there's any evidence of any defect. The plaintiff before this court is now contending that there was an open and obvious defect, but that she was distracted from appreciating it by the height of the step. What the plaintiff is contending to be a defect is actually not on the walking surface of the step. It is, in fact, on the underside of the step. And both the testimony of the plaintiff, Jenny Likens, and her friend, Donna Horstein, said that there was nothing about the flat surface of the step that caused her to fall. Indeed, she caught her foot before she reached the flat surface of the step. So, in looking at the actual deposition testimony, it's difficult to see that there is indeed any defect at all. Today, before this court, as this case has evolved, the plaintiff is arguing that the height of the step was a distraction. Today, this court heard that the step was nine inches tall and that the industry standard was seven and three quarters. Now, the information that the plaintiff relies on to claim that the step was too tall is her own expert, who, in fact, admitted that there wasn't anything about the step itself that caused the plaintiff to fall. He also had never seen the step and he also didn't know what the requirements were for a step because he thought the building was in Sagamon County, which it's not. Moreover, one of the cases we cited to this court said that this is essentially a de minimis amount of difference in height regardless. And so, this could not be a basis for concluding that there was a defect. This court has held in a series of cases that if indeed there's an open and obvious defect, as the plaintiff claims here, that it's not actionable. In fact, in the Blake v. Related Management case, these are all recent decisions by this court finding that the open and obvious rule applied. Moreover, an earlier decision of this court, Burke v. City of Quincy, found that a difference in height of one and seven-eighths inches is too minor as a matter of law to be actionable. Quite simply, the plaintiff has failed to come forward with one, any genuine basis to determine there was any defect in the walking surface of this step whatsoever, and two, any basis to claim there was any exception to the open obvious rule. In fact, Jenny Likens herself testified at her discovery deposition that she saw the step, she thought it was taller than normal, and she appreciated that difference. So, there isn't really anything in the evidence before the court, either in the testimony of Jenny Likens, the testimony of Donna Hornstein, or the testimony of the plaintiff's expert, which would defeat the grant of summary judgment. Because there is no basis to defeat the grant of summary judgment, we ask this court to affirm. Thank you, counsel. Ms. Gandhi, any rebuttal? The defendant relied on the fact that the defect was not on the surface of the step, however, the step is the step. You cannot look at it from the width or the height of the step. You have to take the step as a whole. If you do not take the step as a whole, then you have to distinguish which parts of the open and obvious doctrine apply to which parts of the step. Here, if the distraction is the entire step, and the fact of the matter is that the step was abnormally high, nine inches is still abnormally high, because industry standard is seven and three-quarters inches here. Repeatedly, our minds go through it over and over again. We are accustomed to steps. Steps are usually only seven and three-quarters inches, and if they are any higher, we become distracted, and we have to raise our feet even higher to reach that, therefore distracting us from any other conditions that the step may have. And that is what the plaintiff is arguing here, that the distraction exception would be applicable and should apply here, and that the motion for summary judgment should be overturned. Thank you.